**Charles Arthur GRAY, Petitioner-Appellee,**

**v.**

**Edward C. ELLSWORTH, Jr., Warden, Respondent-Appellant.**

**No. 25204.**

United States Court of Appeals, Ninth Circuit.

Feb. 3, 1971.

Rehearing Denied March 22, 1971.

Rehearing In Banc Denied March 29, 1971.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

Robert Gannon (appeared), Asst. Atty. Gen., Robert L. Woodahl, Atty. Gen., Charles C. Lovell, Sp. Asst. Atty. Gen., Patrick J. Brophy, Asst. Atty. Gen., Helena, Mont., J. Fred Bordean (appeared), County Atty., Great Falls, Mont., for respondent-appellant.

Leonard J. Haxby, Butte, Mont., for petitioner-appellee.

Before HAMLEY and BROWNING, Circuit Judges, and SCHNACKE, District Judge *.

PER CURIAM:

The district court held that appellee was denied due process by admission at his trial for burglary of the identification testimony of a witness who had viewed appellee before trial in a "one-man lineup" at which appellee did not have assistance of counsel. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The court ordered appellee discharged from custody unless the state gave him a new trial.

We are satisfied from a reading of the trial record that the constitutional

* Honorable Robert H. Schnacke, United States District Judge, Northern District of California, sitting by designation.

error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Gilbert v. California, 388 U.S. 263, 272, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

The witness' in-court identification was qualified and uncertain—she candidly agreed that she was "not really sure" that appellee was the burglar. On the other hand, the other evidence of appellee's guilt was all but conclusive: appellee's fingerprint was found at the scene of the crime on a piece of glass from the window which the burglar broke to effect entry; and a prescription bottle issued to appellee and marked with his name was found with the loot which was abandoned miles away. It is our belief that there is no reasonable possibility that the identification testimony might have contributed to appellee's conviction.

Reversed.